E-FILED
Friday, 19 March, 2021  04:38:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MELISSA WADDLE,                      )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )        Case No.:  4:20-cv-04022-SLD-JEH
                                     )
MEGAN J. BRENNAN, Post Master        )
General United States Postal Service,)
                                     )
                Defendants.          )

## MEMORANDUM OF LAW IN SUPPORT OF HER RESISTANCE TO MOTION FOR SUMMARY JUDGMENT

Now comes your plaintiff, Melissa Waddle by and through her attorney Stephen T.

Fieweger and for her memorandum of law in support of her resistance to the defendant's motion

for summary judgment states as follows:

### I. INTRODUCTION

As will be demonstrated by the record in this case Melissa Waddle is a person with a

disability, namely adjustment disorder and post-traumatic stress disorder and that she requested a

reasonable accommodation of her mental disabilities beginning in November 2018 when she

requested a transfer from her position in Milan Illinois to another facility in order to reasonably

accommodate her mental disability.  There is a material issue of fact as to whether on December

13, 2018 Melissa was offered and accepted a transfer to an EAS 17 Supervisor Customer Service

position at the Bettendorf post office.  Further, the undisputed facts will show that the person

who made the offer to her, Anjeanette Pettinger the acting director of human resources for the

Post Office's Hawkeye district had the authority to make the offer of this lateral transfer.

Despite the fact that Melissa accepted the transfer on December 13, 2018 the postal

service did not transfer her into that position and on January 3, 2019 placed a non-managerial

1

employee Vicky Ratcliff in the Bettendorf Supervisor, Customer Service position and then permanently placed her in that position effective March 2, 2019.

The defendant through its agent Anjeanette Pettinger was informed by Melissa Waddle on December 13, 2018 during their telephone conversation that she had the disabilities which prevented her from going back to work at the Quad City Processing and Deployment facility in Milan, Illinois. She also informed Ms. Pettinger during that conversation of the fact that she had pending EEO charges against her prior first and second line supervisors at the Milan facility.

When Ms. Pettinger reneged on her offer to place Melissa in the Bettendorf Supervisor of Customer Service position, in mid-January 2019 she offered Melissa a Supervisor Customer Service in the Aledo, Illinois post office and Melissa informed her that she would be available to work at that position as of January 26, 2019. Despite this, it took the post office until May 11, 2019 to return Melissa to work, a full seven months after she had notified the post office that she was ready to return to work with a reasonable accommodation of being placed in a new location.

As will be shown the Postal Service did not follow its own written policy for addressing request for reasonable accommodations and by failing to timely place Melissa in a new position. Because of this summary judgment is improper due to the material issue of fact existing in the record.

## II. PLAINTIFF'S RESPONSE TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     Admits.

2.     Admits.

3.     Admits.

4.     Admits.

5.     Admits.

2

6.      Admits.

7.      Denies, and affirmatively states that she has experienced adjustment disorder and PTSD (Post Traumatic Distress Disorder) as the result of her condition. USA697. Exhibit A paragraph 3.

8.      Denies, and affirmatively states that she was offered the Supervisor Customer Service position by Anjeanette Pettinger on December 13, 2018. USA699, 700. Exhibit A paragraph 8.

9.      Denies. On January 17, 2019 Anjeanette Pettinger offered Melissa the Aledo Supervisor Customer Service position. USA730. Ms. Waddle informed Ms. Pettinger that when she had reviewed the offer with her attorney that she would be ready to go back to work on Saturday, January 26, 2019. USA729.

10.      Denies, and affirmatively states that Melissa accepted the positon on January 17, 2019 to be starting on Saturday, January 26, 2019. USA729.

11.      Admits.

12.      Admits.

13.      Admits.

14.      Denies, and affirmatively states that a Supervisor Customer Service position was available in Bettendorf, Iowa and was offered to plaintiff on December 13, 2018. USA700. Exhibit A paragraph 8.

15.      Denis, and affirmatively states that on December 13, 2018 plaintiff, Melissa Waddle informed Anjeanette Pettinger of her prior EEO activity and of her mental condition adjustment disorder. USA697. Exhibit A paragraph 7.

16.      Admits.

17.     Denies, and affirmatively states that Anjeanette Pettinger offered Melissa Waddle on December 13, 2018 both the temporary and permanent transfer to the Supervisor, Customer Service position in Bettendorf, Iowa.  USA699, 700, 703.  Exhibit A paragraph 8.

18.     Denies, see answer to number 17.  USA699, 700, 703.  Exhibit A paragraph 8.

19.     Denies, and affirmatively states that the formal offer was made to Melissa on December 13, 2018.  USA 699, 700, 703.  Exhibit A paragraph 8.

20.     Admits.

21.     Admits.  This was Alden's testimony.  Denies because Pettinger offered the position to Melissa Waddle on December 13, 2018.  USA699, 700.  Exhibit A paragraph 8.

22.     Admits.

23.     Admits.

24.     Admits, and affirmatively states that Ms. Waddle felt that would be ineffective for her to apply as she had already been offered the Bettendorf position as a solution to her recent accommodations request and then it was withdrawn.  USA700.

25.     Admits.

26.     Plaintiff objects to the fact number 26 as a compound, deny that Ratcliff was the most qualified person for the position in that she was not an EAS management level employee as was Melissa Waddle.  The USPS ended up promoting Ratcliff from a craft position to a management position.  USA932.  Exhibit A paragraph 9.

27.     Admits this is what Opperman and Allen concluded, but denies that Ratcliff's experience was greater than Melissa Waddle who had been detailed to two different offices in the customer service supervisory capacity.  USA700.

28.     Admits.

29.     Plaintiff objects as irrelevant, but without waiving said objection admits.

30.     Admits.

31.     Admits.

32.     Admits.

33.     Admits.

34.     Admits.

35.     Denies that Pettinger contacted Allen on behalf of Waddle.  USA851.

36.     Admits that this is what Opperman will testify to her affidavit but denies its accuracy.  Melissa Waddle stated that in mid to late December 2018 she talked to Ellen Opperman, after receiving the offer from Anjeanette Pettinger.  USA700.  When Melissa contacted Ellen Opperman she was unaware of the offer that Anjeanette had made, but stated that she wasn't surprised as she was usually the last to know.  She then stated that she would talk to Tom Allen and Anjeanette and that she, Ellen would get back to Melissa.  USA703.

37.     Admits, if Ellen Opperman preferred to take Jim Rangel from Moline rather than her, Melissa would accept Rangel's spot in Moline.  USA731.

38.     Admits.

39.     Admits, and affirmatively states that this was in response to Melissa's email of January 11, 2018 in which she stated to Anjeanette Pettinger that it had been over a month since she said that Melissa was going to Bettendorf.  USA732.  Admits paragraph B and subparagraph C, Admits subparagraph D.

40.     Admits.

41.     Admits.

42.     Admits subparagraph A and subparagraph B

5

43. Admits this was Pettenger's testimony, denies its accuracy since Pettinger offered Melissa the Bettendorf position on December 13, 2018. USA699, 700, 703. Exhibit A paragraph 8.

44. Admits the first sentence, denies the second sentence as hearsay and constituting a legal conclusion. Admits and affirmatively states that Melissa informed Mr. Reed that on January 17, 2019 that she anticipated her return date of January 26, 2019, in Aledo. USA737.

45. Plaintiff objects to the argumentative nature of uncontested fact number 45 but admits that she emailed David E. Williams on March 4, 2019 and as part of that email attached her email to Mr. Graves.

46. Admits that on March 15, 2019 Waddle sent an email to Postmaster General Megan J. Brennan and that she sent the same email on March 16, 20, 21 22 and 30, 2019. Plaintiff denies the remaining summary contained in fact number 46.

47. Denies. USA945 was not emailed to Melissa Waddle it was sent by registered mail return receipt requested and Ms. Waddle picked up the letter on April 2, 2019. USA704.

48. Admits this is what the letter stated.

49. Denies. Waddle responded within one day of her receipt of the letter on April 2, 2019 by accepting the transfer to Aledo, Illinois Post Office on April 3, 2019. USA704, 946.

50. Admits.

51. Admits.

52. Admits.

53. Admits.

54. Admits.

55. Admits.

56. Admits.

57.     Admits.

## III. PLAINTIFF'S ADDITIONAL FACTS
## IN SUPPORT OF RESISTANCE TO MOTION FOR SUMMARY JUDGMENT

58.     Melissa Waddle requested a return to work in November 2018 with the restriction that she could not return to the Quad City Processing and Distribution facility.  USA809.

59.     It was Anjeanette Pettinger decision to reassign Melissa Waddle to Aledo, Illinois.  USA810.

60.     Postal Service EL312 hiring policies applied.  USA818.

61.     Anjeanette Pettinger has the authority to decide whether to place Melissa Waddle in a supervisor's position in Bettendorf, Iowa.  USA833.

62.     Vicky Ratcliff was a non-supervisory employee who was in December 2018 working in the East Moline, Illinois post office.  USA934.  Exhibit A paragraph 9.

63.     On January 3, 2019 Vicky Ratcliff was placed in the supervisor customer service position at the Bettendorf, Iowa post office as a 204B employee.  USA934.

64.     That on March 2, 2019 Vicky Ratcliff was promoted to Supervisor, Customer Service position in Bettendorf, Iowa Post Office.  USA932.

65.     That the United States postal service has a Reasonable Accommodation, an Interactive Process Handbook EL-307 published in October 2008.  USA967-979.

66.     In the handbook:

> "Qualified individuals with disabilities may require reasonable accommodation during the application process, during the course of their employment with the Postal Service, or both.  Requests for reasonable accommodation can be made orally or in writing by the individual or on behalf of the individual…  To request and accommodation, an individual may use plain language and need not mention the Rehabilitation Act or use the phrase "reasonable accommodation."  An employee can make a request for accommodation to his or her supervisor or manager or the Manager, Human Resources (District).

7

The reasonable accommodation process is activated whenever:  A request for reasonable accommodation is made by the employee or applicant, or someone acting on behalf of the employee or applicant…  When you receive an accommodation request, you must process the request promptly, using the guidance contained in this handbook. Whether the request is made orally or in writing, you must act promptly (see subchapter 24 for time frames for processing requests).:  USA968.

68.     Under the handbook when denying a request for accommodation :

"If you deny an individual's request for accommodation, you must notify the individual in writing of the denial as soon as possible…  The denial must:
        * Be given in writing and plain, specific language.
        * Give the reasons for denial.
        * Identify the individual or office that made the decision.
        * Provide the following:
        - Notification of the individual's right to file an Equal Employment Opportunity (EEO) complaint.
        - Notification of any other appeal rights to which the individual may be entitled.
        - Description of procedures of available for informal dispute resolution."
USA978.

69.     "The time necessary to process a request depends on the nature of the accommodation needed…  When the need for accommodation is clear, the requested accommodation is simple and straight forward, and no extenuating circumstances apply, you should provide the decision as soon as possible, but no later than 20 business days from the date of the request (business days are Monday through Friday excluding federal holidays)."  USA977.

70.     That Melissa Waddle is a person with a disability in that she has been diagnosed with adjustment disorder and post-traumatic stress disorder.  Both of these mental conditions affect her ability to think clearly and to be able to concentrate on her work.  These conditions are aggravated by working at the Quad City Processing and Distribution facility due to the manner in which her first and second level supervisors treated her.  Exhibit A, Affidavit of Melissa Waddle paragraph 3.

71.     On November 13, 2018 Melissa spoke with Sarah Weller an occupational nurse for the United States Postal Service Hawkeye District.  She told Ms. Weller she had been

released to return to work, but her psychologist did not believe based upon her mental disability, adjustment disorder that Melissa should work at the Quad City Processing and Distribution Facility. Melissa requested from Ms. Weller placement in another EAS-17 level management position with the Postal Service. Ms. Weller told Melissa she would provide this information to human resources. Exhibit A paragraph 5.

72.     That during her December 13, 2018 telephone conversation with Anjeanette Pettinger, Melissa Waddle accepted Anjeanette Pettinger's offer to be transferred to the Bettendorf, Iowa post office as a EAS-17 Supervisor, Customer Service employee. Exhibit A paragraph 6, 8.

73.     During the December 13, 2018 telephone conversation between Waddle and Pettinger, Melissa told Anjeanette Pettinger that she needed the transfer due to her mental disabilities, adjustment disorder which she was diagnosed with and which arose after the manner she was treated at the Quad City process and distribution facility by her first and second level supervisors. Melissa told Anjeanette Pettinger that she had filed the charges of discrimination against the plant manager, Bob Dodds and her first line supervisor Jeremy Just.  Exhibit A paragraph 7.

74.     At no time did anyone from the United States Postal Service request additional medical records or information from Melissa to substantiate her claim that she had a mental disability. Exhibit A paragraph 10.

75.     That on January 24, 2019 Melissa Waddle through her attorney requested in writing to Anjeanette Pettinger to be placed in the open position at Bettendorf United States postal service office. **Exhibit B** a true and correct copy of the email from attorney Stephen T. Fieweger to Anjeanette J. Pettinger is attached and made a part of this memorandum.

76.     The Twentieth business day after December 13, 2018 was January 14, 2019. Exhibit C.

77.     Ms. Waddle knew that Vicky Ratcliff as of December 2018 was a non-managerial employee working at the East Moline, Illinois Post Office.  Under Postal Service policy Melissa Waddle as a managerial employee had the right to transfer to another open managerial position within the Hawkeye District.  Vicky Ratcliff did not have the right to be promoted to fill the Supervisor, Customer Service position before or over Melissa Waddle when Ms. Waddle was qualified for the position.  Exhibit A paragraph 9.

ARGUMENT

**A. Summary Judgment Standards.**

Plaintiff generally agrees with the defendant's recitation of the standards for summary judgments contained in pages 17 and 18 of its motion.  However, in determining whether a genuine issue material fact exists courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences of favor of that party.  ***King vs. Preferred Tech Group*** (7th Cir. 1999) 167 F. 3d. 887, 890.  Summary judgment in favor of employer reversed on appeal in disability discrimination case when facts were viewed in light most favorable to the employee

**B. Melissa Waddle was a person with a mental disability and she was entitled to a reasonable accommodation of transfer to the similar EAS-17 Supervisor Customer Service position in Bettendorf, Iowa Post Office.**

At pages 19 through 23 of its memorandum the Post Office argues that Melissa Waddle was not a person with a disability and that she was not entitled to a reasonable accommodation on that basis.  The problem with this argument is that it is a question of material fact as to

whether or not plaintiff was a person with a disability when the court construes the facts in the light most favorable to the plaintiff.

Secondly, plaintiff has demonstrated that her request for accommodation, namely moving to an open position away from the Quad City Production and Distribution Facility was a reasonable request for an accommodation under the law. In ***Gile vs. United Airlines*** (7th Cir. 1996) 35 F. 3d 492 the Seventh Circuit Court of Appeals addressed the issue of whether a reasonable accommodation under both the Rehabilitation Act and the ADA requires transferring a employee into an open position that he or she is able to perform.

Here in this case it is undisputed that Melissa Waddle developed a mental disability namely adjustment disorder and post traumatic distress disorder. Both of these conditions affected her ability to think clearly and affected her ability to concentrate on work. Exhibit A paragraph 3. Both of her treating psychiatrist Dr. Sales and her treating psychologist Lynn Humphrey stated that because of her condition it is in the patient's best interest not to return to work at the Quad City Production and Distribution Facility. USA1632, 1633. Melissa provided Dr. Sales letter to Sarah Weller, an occupational nurse for the United States Postal Service and spoke with Ms. Wells on November 13, 2018 informing her that based on her mental disability adjustment disorder that Melissa should not be working at the Quad City Production and Distribution Facility. Plaintiff requested another EAS-17 level management position with the Postal Service. Exhibit A paragraphs 4 and 5.

It is undisputed that as of December 13, 2018 the Postal Service had an open position at the Bettendorf post office of an EAS-17 level management position as a Supervisor, Customer Service. It is further uncontested that plaintiff was qualified to perform the job duties as a Supervisor, Customer Service at the Bettendorf Postal Service. Therefore, the Postal Service had

a duty under the Rehabilitation Act to transfer her to the open position for which she was qualified.

In ***Gile***, the plaintiff had developed depression as the result of working night shifts as a data entry operator for United Airlines at its O'Hare International Airport terminal. Gile told United Airlines in house physician that she wanted to return to work but that she could not work the night shift and that she was more than happy to take a lateral move and go anywhere. Gile was returned to work at United a year and a half after she went on unpaid authorized leave for her depression. ***Gile*** 95 F. 3d. at 494.

The Court in ***Gile*** discussed whether under the Rehabilitation Act with its amendments, a transfer to open position which the employee is able to perform constitutes a reasonable accommodation. The Court noted that under the Americans With Disability Act discrimination is defined in part as "as not making reasonable accommodations to the known physical or mental limitations of the otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the covered entity…". 42 USC §12112(b)(5)(A). The ADA protects an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires. 42 USC §12111(9).

Further, the Court noted that under the EEOC's interpretative guidance provides useful detail when transferring an employee:

> "In general, reassignments should be considered only when accommodation within the individual's current position would pose an undue hardship… . Reassigning may not be used to limit, segregate, or otherwise discriminate against employees with disabilities by forcing reassignments to undesirable positions or to designated offices or facilities. Employers should reassign the individual to an equivalent position, in terms of pay, status, etc., if the individual is qualified, and if the position is vacant within a reasonable amount of time… . An employer may reassign an individual to a lower

graded position if there are no accommodations that would enable the employee to remain in the current position and there are no vacant equivalent positions for which the individual is qualified with or without reasonable accommodation."

29 CFR App., Section 1630.2(o). *__Gile__* supra at 497.

Here at the case at bar there is no material dispute that there was an open position, an EAS-17 Supervisor Customer Service in the Bettendorf, Iowa Post Office which was the exact same managerial level that Melissa Waddle was.

It is also clear that the plaintiff Melissa Waddle was an EAS-17 level managerial employee who had prior experience as a Supervisor, Customer Service in two separate locations. Therefore, it is a material issue of fact as to whether the defendant failed to reasonably accommodate plaintiff by failing to place her in the open position for which she was qualified.

In addition, it is a disputed issue of material fact as to whether or not the position was actually offered to Melissa Waddle. Waddle's testimony is that on December 13, 2018 Anjeanette Pettinger offered her the position at the Bettendorf Post Office. Melissa accepted the position and requested a start date from Pettinger. Pettinger told her to contact the Post Master at the Bettendorf, Iowa Post Office Ellen Opperman to discuss a starting date. Exhibit A paragraph 8. Thus, when the facts are viewed in the light most favorable to the plaintiff it is clear that summary judgment is inappropriate since plaintiff accepted the offer of the open position as an EAS-17 Supervisor Customer Service at the Bettendorf Post Office on December 13, 2018.

Further creating an issue of material fact is the fact that the person placed in the position both temporarily and permanently, Vicky Ratcliff was not a management employee at the time in which she was temporarily placed in the position on January 3, 2019. Exhibit A paragraph 9. Under postal service policy, plaintiff as a managerial employee had preferential rights to placement in that open position over and above Vicky Ratcliff. Exhibit A paragraph 9.

13

As additional evidence of the fact that the postal service did not properly place Melissa Waddle in an open EAS-17 Supervisor Customer Service position at the Bettendorf Post Office, its actions in this case violated its own written policy for dealing with reasonable accommodations request by disabled workers. Under their own written policy managers who have been requested to provide a reasonable accommodation to an employee are to address the issue within 20 business days. Undisputed fact number 69. Here, assuming that the 20 business days began to run as the date in which Melissa spoke with Anjeanette Pettinger on December 13, 2018 (although arguably the 20 days should have begun to run on November 13, 2018 when Waddle spoke with Sarah Weller the occupational nurse) a resolution therefore should have taken place by January 14, 2019. Undisputed fact number 76, Exhibit C. It did not, and instead of placing Melissa in the open position on a temporary basis the Postal Service placed a non-managerial employee in that position on January 3, 2019. Undisputed fact number 63.

Assuming that the court does not find that the postal service had a duty to place Melissa at the open Bettendorf Post Office position there was no reasonable explanation for its delay until May 11, 2019 to place Melissa Waddle in the Supervisor, Customer Service position in Aledo, Illinois. Ms. Waddle by email notified Anjeanette Pettinger that she would be available to begin that position on January 26, 2019. The postal service has no reasonable explanation as to why it took an additional three and one half months to place Melissa in that open position. Melissa did not cause the delay and she has shown that the Postal Service failed to follow its own policy by timely addressing the reasonable accommodation request.

In addition, with respect to the Bettendorf Iowa Supervisor Customer Service position if the defendant was going to deny Melissa the reasonable accommodation of placing her in that position it was required under its own written policy to notify her in writing of the reasons for the denial and to give her the opportunity to either pursue an EEO charge or appeal the decision.

Uncontested fact 68. The Postal Service did not do any of this and therefore again it has been demonstrated that it violated its own policies with respect to Ms. Waddle's request for a reasonable accommodation.

That based on these facts it is improper for this court to grant summary judgment on the disability discrimination claim in light of the fact that there is a material question on the issue of whether on December 13, 2018 an offer and acceptance of the open Bettendorf Supervisor, Customer Service was made by Anjeanette Pettinger to Melissa Waddle. Further, under the Postal Services own written policy on reasonable accommodations, Melissa has demonstrated material issues of fact that she is a person with a mental disability that she suffered an adverse employment action namely failure of the postal service to timely return her to work and that the failure to timely return her to work was causally related to her disability. For these reasons summary judgment is inappropriate on Count II, the disability discrimination claim.

**C. Waddle has demonstrated she has been retaliated against for her pursuit of her prior EEO claims and summary judgment on this issue is inappropriate.**

Melissa Waddle has further demonstrated under Count I of her complaint has she has been the subject of retaliation by virtue of the fact that Anjeanette Pettinger failed to place her in the open Supervisor Customer Service position in Bettendorf Iowa once Melissa told Pettinger on December 13, 2018 that she had filed charges of discrimination against her prior supervisors Bob Dobbs and Jeremy Just. Under normal Post Office policy when a disabled employee seeks a reasonable accommodation such as a transfer to another position, the Postal Service is required by policy to address that issue within 20 business days and to either grant the request or formally in writing deny the request and set forth the reasons for the denial in writing and advise the employee of their EEO and appeal rights. Undisputed facts number 68 and 69. Neither were done in this case, with Pettinger stringing Melissa along in her January 2019 emails.

Ms. Pettinger who offered the Supervisor Customer Service position to Melissa on December 13, 2018 failed to notify Melissa by January 14, 2019 that the offer was rescinded. Ms. Pettinger also failed to notify Melissa of her right to pursue an EEO claim or her rights to appeal as required by the Post Office written policy.  Undisputed fact number 69.  Based on Pettinger's knowledge of the pending EEO claims and her recission of her offer of the Bettendorf Supervisor, Customer Service position plaintiff has established facts showing that Pettinger has retaliated against her based on her knowledge that Waddle was pursuing these claims. Additionally, it should be noted that Pettinger had the authority to place Melissa Waddle in that open position.  Uncontested fact number 61.  Given the fact that she rescinded her offer demonstrates a question of fact that for the jury as to whether retaliation occurred.

The defendant argues in its memorandum that the Bettendorf Supervisor, Customer Service position was a possibility which Pettinger discussed with Waddle and that Waddle was determined that she would take.  This ignores the facts when viewed in the light most favorable to the plaintiff.  Melissa Waddle has stated that on December 13, 2018 Pettinger offered her the open position in Bettendorf and Waddle accepted it.  Then Pettinger went silent and failed to place Melissa in that open position.  Pettinger claims that the Post Master of Bettendorf had the only authority to fill that position.  This is false in light of the fact that Pettinger as Manager of Human Resources for the Hawkeye District had the authority to place Waddle in that position. Uncontested fact number 61.  When she did not do so after having learned from Waddle that she was pursuing EEO charges against her prior supervisors a question of material fact arises as to whether Pettinger's actions constituted retaliation under 42 USC §2000e-3.

Defendant claims that Pettinger was not responsible for the delay in returning her to work in the Aledo, Illinois Postal Office until May 11, 2019.  However, Waddle told Pettinger that she would be available to begin working in that position on January 26, 2019 concerning the Aledo

16

position.  Then Pettinger waited a full two months from her last contact with Melissa on January

17, 2019 to make her the offer of the Aledo position by virtue of her March 15, 2019 letter which

was received by Michelle on April 2 and replied to immediately on April 3, 2019.  Yet despite

having an open position in Aledo for Ms. Waddle which Ms. Waddle in writing accepted on

April 3, another five weeks went by without placement of Michelle in that position.  Pettinger

has provided no explanation as to why it took an additional five weeks from April 3, 2019 to

place Melissa in the Aledo position.  Plaintiff had now been off work from November 13, 2018,

a full five months without a regular paycheck.  Based on these facts it is clear that there is a

material issue of fact as to whether the defendant has retaliated against Melissa for failing to

place her in the Bettendorf Iowa Supervisor Customer Service position and by failing to then

timely place her in the Aledo, Illinois Supervisor, Customer Service position.

## CONCLUSION

For the reasons set forth in the memorandum Melissa Waddle hereby requests that this

court enter an order denying the defendants motion for summary judgment on Counts I and II of

the complaint.  Melissa Waddle was a qualified person with a mental disability who sought as a

reasonable accommodation, placement in an open EAS-17 Supervisor Customer Service position

in Bettendorf, Iowa.  Anjeanette Pettinger is the Manager of Human Resources for the Hawkeye

District and had the authority to place Waddle in that position.  Pettinger offered that position to

Melissa on December 13, 2018 but yet failed to place her in that position subsequently.  Pettinger

then delayed formally offering the open Aledo Supervisor Customer Service position to Melissa

until March 15, 2019 and delayed returning her to work after until May 11, 2019, Melissa

formally accepted it on April 3, 2019.  Pettinger was aware of Waddle's EEO activity because

Waddle told her about it on December 13, 2018.  The Postal Service promoted a non-supervisory

employee into the open Supervisor Customer Service position both temporarily and permanently

to the detriment of its disabled employee who already was an EAS-17 managerial level employee.  For these reasons summary judgment is improper and the court should enter an order denying the same.

Melissa Waddle, Plaintiff

/s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Telephone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Hilary W. Frooman
United States Attorney's Office
Central District of Illinois
318 S. 6th Street
Springfield, IL 62701
Phone:  217.492.4411
Cell:  217.553.4151
Email:  Hilary.Frooman@usdoj.gov

/s/ Stephen T. Fieweger

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MELISSA WADDLE,                     )
                                    )
             Plaintiff,             )
                                    )
     vs.                            )        Case No.:  4:20-cv-04022-SLD-JEH
                                    )
MEGAN J. BRENNAN, Post Master       )
General United States Postal Service,)
                                    )
             Defendants.            )

### AFFIDAVIT OF MELISSA WADDLE

STATE OF ILLINOIS           )
                            ) ss.
COUNTY OF ROCK ISLAND       )

I, Melissa Waddle being first duly sworn upon oath states as follows:

1.      That I am of legal age and have personal knowledge of the facts set forth in this affidavit.

2.      That I was employed as a managerial employee, an EAS-17 at the Quad City Processing and Distribution Facility.

3.      That I developed a mental disability, namely adjustment disorder and post-traumatic stress disorder as a result of the manner in which I was treated by my supervisor Jeremy Just and my second level supervisor Bob Dodds.  These mental conditions affect my ability to think clearly and to be able to concentrate on my work.  That due to my mental disabilities I went off work on June 15, 2018.

*Exhibit A*

4.      That on November 13, 2018 I released to return to work by my treating psychiatrist Dr. James Sales, PhD.  Dr. Sales restricted me from returning to work at the Quad City Processing and Distribution Facility.

5.      I spoke with Sarah Weller, an occupational nurse for the United States Postal Service Hawkeye District on November 13, 2018.  I told Ms. Weller that I had been released to return to work, but my psychologist did not believe based on my mental disability adjustment disorder that I should work at the Quad City Processing and Distribution Facility.  I requested from Ms. Weller placement in another EAS-17 level management position with the Postal Service.  Ms. Weller told me that she would provide this information to human resources.

6.      On December 13, 2018 I spoke by telephone to Anjeanette Pettinger.  Ms. Pettinger was the acting Manager Human Resources for the Postal Service's Hawkeye District.

7.      During our conversation I told Anjeanette Pettinger that I suffered from mental disability of adjustment disorder and that in order to return to work I needed to be placed in a facility other than the Quad City Processing and Distribution Facility.  I told Ms. Pettinger that I had filed charges of discrimination against the plant manager Bob Dobbs and my first line supervisor Jeremy Just.

8.      During our telephone conversation of December 13, 2018, Ms. Pettinger informed me that there as an open EAS-17 Supervisor, Customer Service position at the Bettendorf, Iowa Post Office.  She offered me the position.  I accepted it and asked her to let me know when I would be starting work.  Ms. Pettinger told me to contact the post master at Bettendorf, Ellen Oppermann to discuss a starting date.

*Exhibit A*

9.  I am familiar with Vicky Ratcliff. Ms. Ratcliff in December 2018 was a non-managerial employee of the Postal Service working at the East Moline, Illinois Post Office. Under Postal Service policy I as a managerial employee had the right to transfer to another open managerial employee position within the Hawkeye district. Ms. Ratcliff did not have the right to be promoted over me when I was qualified for that position.

10.  At no time did anyone from the United States Postal services request additional medical records or information from me to substantiate my claim that I had a mental disability.

Further Affiant Sayeth Naught.

_Melissa Waddle_

Melissa Waddle

Subscribed to and sworn to me a notary public on this 19 day of March , 2021.

_____
Notary Public

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone: 563.424.1982
Fax: 563.424.1983
Email: sfieweger@fiewegerlaw.com

OFFICIAL SEAL
MARI ILLINGWORTH
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES 08-21-2024

Exhibit A

## Steve Fieweger

| | |
|---|---|
| **From:** | Mari Illingworth |
| **Sent:** | Thursday, January 24, 2019 8:51 AM |
| **To:** | Anjeanette.L.Pettinger@usps.gov |
| **Cc:** | Steve Fieweger |
| **Subject:** | Melissa Waddle |

**Importance:**       High

Dear Ms. Pettinger:

I represent Melissa Waddle in her rehabilitation act discrimination claim against the United States Postal Service.  Ms. Waddle has requested placement in the open position in the Bettendorf United States Postal office.  Ms. Waddle should not be required to commute to Aledo, Illinois, in order to have her reasonable accommodation request met.  The United States Postal Service has an open position which allows a transfer into an opening which she is readily qualified.  Please advise by close of business on January 25, 2019 whether the postal service will reasonably accommodate her and place her in the open Bettendorf position.

Stephen T. Fieweger

Mari Illingworth
Paralegal
Stephen T. Fieweger, P.C.
5157 Utica Ridge Rd.
Davenport, IA  52807
Phone: 563.424.1982
Fax:  563.424.1983
Email: MIllingworth@fiewegerlaw.com

CONFIDENTIALITY NOTE:

THIS E-MAIL TRANSMISSION AND ANY ATTACHMENTS HERETO CONTAIN INFORMATION FROM THE LAW FIRM OF STEPHEN T. FIEWEGER, P.C.; THIS INFORMATION IS CONFIEDNTIAL AND PRIVEILEGED.  THE INFORMATION IS INTENDED FOR THE SOLE USE OF THE INDIVIDUAL OR ENTITIY TO WHOM IT IS ADDRESSED.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOUR USE, DISSEMINATION, FORWARDING, PRINTING, OR COPYING OF THIS INFORMATION IS PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE INFORMATION AT NO COST TO YOU.
Nothing in this message is intended to constitute an Electronic signature for purposes of the Uniform Electronic Transactions Act (UETA or the Electronic Signatures in Global and National Commerce Act ("E-Sign") unless a specific statement to the contrary is included in this message.

*Exhibit B*

Calendar for Years 2018 and 2019     2018 2019 Calendar Editable     Split Year Calendar 2018 2019

# 2018     2019

Calendars at Walmart® - Save On Quality Calendars
www.walmart.com/Office_Supplies/Calend...
(Ad) Free 2-day Shipping On Millions of Items. No Membership Fee. Shop Now!

Shop Calendars - Amazon.com Official Site - amazon.com
www.amazon.com/office-supplies/calendars
(Ad) Find Deals on Products in Calendars on Amazon.

Year 2018 2019 Calendar Vector Stock Illustration ...
iStock | 1024 × 861 jpeg | 3 yrs ago

Visit site    Pages    Image sizes

Image may be subject to copyright.

Similar images



Related search

2018 20 Calend

Split Ye Calenda

Yearly Cal 2018 20

2019 Sch Year Cale

*Exhibit C*

Visual Search    Save    Share    More

Feedback